## JAMES H. HOPKINS v. JOHN M. STOCKDALE.

ERROR TO THE COURT OF COMMON PLEAS OF WASHINGTON
COUNTY.

Argued October 18, 1887—Decided November 7, 1887.

1. A judgment for an entire sum payable at one time cannot be divided by an assignment of part thereof, so as to entitle the assignee to separate process to revive or to enforce payment of the part assigned.
2. Peterson v. Lothrop, 34 Pa. 223, distinguished; Dietrich's App., 107 Pa. 174, approved.
3. To a scire facias to revive a judgment, a set-off by an open and unsettled account or by a claim for unliquidated damages arising from the breach of an entirely independent contract, is inadmissible as a defence.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 105 October Term 1887, Sup. Ct.; court below, No. 175 February Term 1887, C. P.

The proceeding was a scire facias to revive et quare executionem non, by Wm. Smith & Son, for use of James H. Hopkins, against John M. Stockdale, upon a judgment to No. 228 February Term 1886.

On January 12, 1886, to the number and term last referred to, a judgment was entered in favor of Wm. Smith & Son against John M. Stockdale, for $751, with interest from February 28, 1885, under the warrant of attorney contained in the following note:—

WASHINGTON, PA., February 27, 1885.

One day after date I promise to pay Wm. Smith & Son, seven hundred and fifty-one dollars, value received, and I authorize judgment to be entered against me for said sum with costs, with five per cent. attorney's commissions. Waiving inquisition, exemption and stay of execution.

JOHN M. STOCKDALE.

On March 29, 1886, Wm. Smith & Son assigned $374.19 of said judgment to James H. Hopkins, and on November 30, 1886, they assigned the remaining part of the judgment to

Statement of Facts.

Wm. E. Clarke.    On December 18, 1886, Mr. Hopkins caused to issue the scire facias in this proceeding.   The writ recited the original entry of the judgment, its parties, date of entry and amount; the assignment to James H. Hopkins of the said $374.19; averred that execution remained to be done, and required the defendant "to show if anything for himself he has or knows to say why the said plaintiff, the said James H. Hopkins, to the extent of his interest for his debt and damages aforesaid, should not have the above-stated judgment revived to continue the lien, and also why the said defendant should not have execution against him for the debt and damages aforesaid according," etc.

Mr. Hopkins having filed an affidavit of claim under the rules, setting forth that the defendant was indebted to him in the sum of $374.19 as of date March 29, 1886, which indebtedness was "evidenced by the assignment of a part, to wit, $374.19 of the judgment of Wm. Smith & Son against said John M. Stockdale at No. 228 February Term 1886 in said court," and that said indebtedness to the affiant remained wholly undischarged, the defendant filed an affidavit of defence which averred:

1. [The entry of the original judgment upon the note described.]

2. That on March 29, 1886, Wm. Smith & Son assigned $374.19, of said judgment to James H. Hopkins without the knowledge or consent of the affiant, the defendant in the said judgment, and that the balance of said judgment is still due and unpaid.

3. [The issuance of the scire facias and the form of the writ as before stated.]

4. That the affiant is advised and believes that his original indebtedness to William Smith & Son cannot be divided into parts and assigned without his assent, and that the writ of scire facias issued by the said James H. Hopkins for the collection of three hundred and seventy-four and $\frac{19}{100}$ dollars of the said judgment (the balance thereof remaining unpaid) is irregular and void, and that no judgment of revival can legally be entered thereon.

And the affiant further avers that there is no record or judgment remaining in the Court of Common Pleas of Wash-

ington county in favor of the said James H. Hopkins for the amount claimed in the said writ of scire facias or in the manner or form as set forth in the said writ.

5. Subject to the above grounds of defence, the said John M. Stockdale further avers that the said James H. Hopkins at the commencement of this suit was, and still is, indebted to him in the sum of five hundred and nine dollars and interest from the dates hereinafter named, the nature and character of which indebtedness is as follows:

1st. On account of local notice inserted at instance and request of use plaintiff, and for his use and benefit, to delinquent subscribers in the Review and Examiner, a weekly newspaper published at Washington, Pa., and of which defendant was the proprietor, from February, 1881, to November 16, 1881, 20 lines 43 times, at 10 cents per line, eighty-six dollars. Interest from November 16, 1881.

2d. Same as above from November 16, 1881, to June 7, 1882, 35 lines 28 times, at 10 cents per line, ninety-eight dollars. Interest from June 7, 1882.

3d. That the said James H. Hopkins is further indebted to the affiant in the sum of three hundred and twenty-five (325) dollars, which indebtedness arises as follows, to wit:

On or about the          day of January, 1881, the said James H. Hopkins in consideration that the said John M. Stockdale would purchase from the said James H. Hopkins the Review and Examiner, a weekly newspaper published at Washington, Pa., entered into a parol contract to furnish the said John M. Stockdale a steam engine and boiler for the use of said paper, the title thereof to be and belong to the said John M. Stockdale : that the said John M. Stockdale fulfilled his part of the said agreement and purchased said paper, but the said James H. Hopkins failed to comply with his said parol contract, and never delivered or furnished to the said John M. Stockdale the said steam engine and boiler according to his contract; to the damage of the defendant in the sum of three hundred and twenty-five dollars. . . . . .

After the argument of a motion for judgment for want of a sufficient affidavit of defence, the court, J. A. MCILVAINE, P. J., filed an opinion which, after reciting the facts, was as follows:

It will be conceded, we think, that a chose in action, entire in its nature, cannot be divided and assigned in part, so as to give a right of action to the assignee, without the assent of the debtor. A creditor will not be allowed to divide up his claim upon which he has a single cause of action, against the will of the debtor, and thus compel him to assume burdens not contemplated in the original contract. "The courts have established that the aid given by equity to the assignment of choses in action, does not go so far as to sanction the severance or apportionment of an entire cause of action by the creditor; and that a partial assignment of a debt will consequently be invalid, unless it receive the assent of the debtor, who might be charged, against his will, with the task of settling two accounts instead of one, and be deprived of his power of fulfilling his obligation in the way contemplated when it was originally given:" McCaffery v. Cassidy, 3 Phila. 210; Fairgrieves v. Lehigh Nav. Co., 2 Idem 182; Mandeville v. Welch, 5 Wheat. 277; Jermyn v. Moffit, 75 Pa. 400.

Does an assignment of part of a judgment entered on a note with warrant of attorney for the payment of a single specific sum of money at one time, stand on higher ground than a partial assignment of a chose in action? This question can best be answered when we look at the reason of the law forbidding partial assignments of choses in action. All the inconveniences and burdens to the debtor, arising from such assignments, would result if the same thing was done in the case of a judgment. And "with respect to its assignable qualities, a judgment is governed by the rules applicable to choses in action:" Freem. Judg., § 422. "When we speak of a judgment, in regard to its assignable quality, it is a mere chose in action:" Ford v. Stuart, 19 Johns. 344.

It is true that, in case of a judgment entered, conditioned for the payment of different sums of money to different persons or at different dates, the partial payments or instalments due to different persons or at different times may be assigned and recovered and revived by scire facias, as was done in the case of Peterson v. Lothrop, 34 Pa. 223; but in such cases the assent of the debtor is presumed from the terms of the obligations on which the original judgments are entered. When the original debt is made payable to different persons or in partial

payments at different times, a partial assignment of the judgment corresponding with the division of the indebtedness made in the note itself, casts upon the debtor no burdens other than what he is fairly supposed to have agreed to in the original contract.

We are not aware of any case in which this exact question has been passed upon by our Supreme Court; but in Dietrich's Appeal, 107 Pa. 178, Justice PAXSON, in referring to Peterson v. Lothrop, supra, says, " that it does not decide, nor do we decide now, that where a judgment has been assigned to sixteen different persons, each owner of a part of the judgment may have his separate scire facias to revive. That might depend on circumstances, especially upon the consent of the defendant, and the facts in Peterson v. Lothrop did not require such a decision, nor do they in this case."

In Missouri this question was before the court in the case of Love v. Fairfield, reported in 53 Amer. D. 148. We quote from that case : " The main question, from the above statement of the case, involves the right of a party to assign to another a part of a judgment. A judgment, so far as its assignable quality is concerned, is like any other chose in action. If the doctrine be applicable to the assignment of funds, either general or special, secured by simple contract or specialty, . . . . . no reason is perceived why it does not extend to an assignment of a judgment. Every reason for the doctrine has as much application in the one case as in the other."

A question might arise in the case before us, whether the denial of the defendant that he assented to the division of the original indebtedness, is stated in his affidavit with sufficient directness and certainty. By an inspection of the record of the original judgment, we find that, on November 30, 1886, nearly three weeks before the scire facias issued, William Smith & Son assigned the balance of the $751 judgment to W. E. Clarke. The affidavit of the defendant sets forth that the assignment of James H. Hopkins was without his knowledge or consent, and " that the balance of the said judgment is still due and unpaid." If he assented to the assignment of this balance to W. E. Clarke, it is a question whether his assent to the division of the original indebtedness might not be established without his specifically assenting to the Hopkins assignment.

But as this question is suggested by the record to No. 228 February Term 1886, and not by the papers filed in this case, we must take the defendant's denial of assent as uncontradicted, the sound and consistent principle being that the affidavit of defence cannot be contradicted or shown to be false except by the record in the very case itself: Warner v. Smith, 2 W. N. 107. We are therefore of the opinion that the want of assent of the defendant to the division of the original indebtedness, as set forth in his affidavit of defence, is sufficient to prevent judgment from being entered on the plaintiff's affidavit of claim.

Let us now turn our attention to the second ground of defence. A sci. fa. q. e. n., etc., is the equivalent of an action of debt. "It has with us all the qualities and incidents of an action. The judgment in it is quod recuperet, not, as elsewhere, merely an award of execution:" Stewart v. Peterson, 63 Pa. 232; Duff v. Wynkoop, 74 Idem 305. This being the case, the question arises, can the defendant set off any claim that he may have against the use plaintiff? On the authority of Hugg v. Brown, 6 Wh. 468, we think he can. In that case part of a judgment against Hugg & Bell was assigned by the judgment creditors, Brown & Co., to Keckler & Forney, and the balance of the judgment to David W. Hulings. A sci. fa. for the joint use of Keckler & Forney and Hulings was issued on the original judgment. At the trial, the defendants, Hugg & Bell, offered to set off against the claim of Keckler & Forney a draft by Hugg & Bell, and accepted by Keckler & Forney, March 20, 1837, two years before the sci. fa. issued, and against the claim of Hulings, the defendants offered to set off a draft of $900 accepted by Hulings. KENNEDY, Justice, in regard to these offers, among other things says: "Now, if it be practicable to adjust and liquidate these mutual claims, in case they be found to exist, by setting one off against the other, it ought to be done, because it will avoid circuity of action and put a more speedy end to litigation, which would necessarily be attended with additional expense and loss of time to the parties, and may possibly be the means of effecting justice between them without loss or sacrifice to either, when it could be effected in no other way. It is no objection to a set-off being allowed, that the party against whom it is claimed

to be made is not the legal owner of the debt, the payment of which he wishes to enforce by action. It is sufficient that he has the equitable right to demand and receive it. . . . . . It is, therefore, no objection to the set-off or defalcation being allowed in this case, that the parties seeking to enforce the payment of the judgment by sci. fa. are only the equitable owners of it, and that the defendants therein are the legal owners of the debts or claims which they wish to set off against the judgment. . . . . . Now, although the jury in trying the issue that may be joined in the cause, cannot split the judgment into parts by finding two distinct verdicts, giving to each of the assignees of the judgment, if they should succeed, either in whole or in part, their respective portions of it, yet they can give a general verdict for the whole amount that they shall find to be due thereon, stating in what proportion it shall be levied for the use of the assignees respectively ; or, if they should find that only one of the claims under the judgment was satisfied by the plea of set-off on the part of the defendants, they could state that they found so much for the plaintiffs, to be levied for the use Keckler & Forney, or for the use of David W. Hulings, accordingly as they should determine it to be, in favor of the former or the latter."

Neither do we think that the principle here announced is in conflict with the well-established rule as laid down by Justice MERCUR in Dowling v. McGregor, 91 Pa. 412, " that in the trial of a sci. fa. on a judgment, the only defence is a denial of the existence of the judgment or proof of its subsequent satisfaction in discharge thereof, and that an attempt to inquire into the merits of the original judgment will not be allowed."

Neither the validity nor the merits of the Smith & Son judgment is called in question by the defence set up by the defendant Stockdale. He sets up a claim against Hopkins, the assignee, which, if correct, discharges the judgment as far as the interest of Hopkins is concerned. The claim he sets up could not have been used in the original suit by Smith & Son. Hopkins is a new party and now for the first time seeks to recover his debt from Stockdale, and Stockdale having a claim against Hopkins now, and at the time when he commenced his " action or suit," is entitled to have it set off against Hopkins'

claim, if he can establish it by satisfactory proof before a jury. Rule discharged.

A decree having been entered in accordance with the foregoing opinion, the plaintiff took this writ, assigning for error the refusal to enter judgment "in favor of Wm. Smith & Son for use of James H. Hopkins to the extent of the interest of Hopkins in the original judgment as evidenced by his affidavit of claim."

*Mr. H. M. Dougan* (with him *Mr. A. M. Todd*), for the plaintiff in error:

The only defence available to a scire facias on a judgment, is a denial of the existence of the judgment, or proof of a subsequent satisfaction or discharge of it: Dowling v. McGregor, 91 Pa. 410; Stroud's App., 109 Pa. 326.; Conlyn v. Parker, 113 Pa. 29. Against the assignee of a judgment, the defendant may make the same defence which he might have made against the original plaintiff: Himes v. Barritz, 8 W. 39; Filbert v. Hawk, Idem, 443. Hugg v. Brown, 6 Wh. 468, admitting a set-off against the assignees of the judgment on the grounds of expediency, justice and equity, is not in accord with Dowling v. McGregor, supra, because it would be as expedient, just and equitable to permit such a set-off against a legal plaintiff as to permit it against the equitable owner of the judgment. Permissible defences are those against the judgment or the execution of it, and not mere defences against the person who happens to own it.

2. Love v. Fairfield, 13 Mo. 300 (53 Amer. D. 148), is cited to support the conclusion of the court below that a judgment cannot be partially assigned without the consent of the defendant. This ruling was no doubt justified by the law of that state, but a different result would have been reached in Pennsylvania: Guthrie v. Bashline, 25 Pa. 80. In Freem. Judg. § 424, citing Love v. Fairfield, supra, the law is stated: "Judgments, like other choses in action, cannot be assigned in part without the assent of the debtors, for the reason that entire demands cannot against their objection be split for the purpose of annoying the defendant." But in Pennsylvania (and nowhere except in Missouri) a judgment is not a chose in action: Coon v. Reed, 79 Pa. 240; and there is no aver-

ment that in this case the assignment was made or accepted for the purpose of annoying Mr. Stockdale.

3. In Pennsylvania a judgment may be assigned in part. The legislature has made it the duty of prothonotaries to keep indexes of the assignments of judgments and parts of judgments: act of May 24, 1878, P. L. 138; and this court by repeated decisions has supported such assignments: Hugg v. Brown, 6 Wh. 468; Porter v. Boone, 1 W. & S. 251; Horton v. Miller, 44 Pa. 256; Dietrich's App., 107 Pa. 174. So in New Jersey: Speer v. Whitfield, 2 Stockt. 111. A plaintiff may have execution for part of his judgment: Webber v. Hutchins, 8 M. & W. 317. Wherefore, as the pending scire facias identified the original judgment as to parties, date and amount, Hopkins was entitled to a revival of it to the extent of his interest: Peterson v. Lothrop, 34 Pa. 229–30.

*Mr. J. W. Donnan* (with him *Mr. Alvan Donnan, Mr. T. F. Birch* and *Mr. Albert Sprowls*), for the defendant in error:

1. The writ issued in this case is irregular and void as it does not follow the original. The original is a judgment for $751, of date January 12, 1886, whilst the writ is issued to revive an alleged judgment for $374.19, of date March 29, 1886. The variance is fatal under the plea of nul tiel record: Arrison v. Commonwealth, 1 W. 374; Eichelberger v. Smyser, 8 W. 181; Grenell v. Sharp, 4 Wh. 345; Dougherty's Est., 9 W. & S. 195; Richter v. Cummings, 60 Pa. 441; Dietrich's App., 107 Pa. 175.

2. The assignment being for part only of the judgment, the assignee is not permitted to enforce payment of the part assigned by separate process.

*a.* If an action had been brought upon the original note for part only of the debt, a judgment for the part sued for would have been a conclusive bar to a subsequent suit for another part of the same demand: Miller v. Covert, 1 Wend. 487; Guernsey v. Carver, 8 Wend. 492 (24 Amer. D. 60); Badger v. Titcomb, 15 Pick. 409 (26 Amer. D. 611); Baker v. Baker, 4 Dutch. 13 (75 Amer. D. 243). The suit must be brought in the name of the legal plaintiff: Levy v. Levy, 78 Pa. 509; a recovery can be had only by virtue of his right: Montgomery v. Cook, 6 W. 241; Hamilton v. Brown, 18 Pa. 89. It fol-

lows, if Hopkins had brought suit in the name of Wm. Smith & Son and recovered but $374.19, it would have been a conclusive bar to a subsequent suit by Wm. Smith & Son for the remainder of the debt: Ingraham v. Hall, 11 S. & R. 78. Such a result indicates that separate actions cannot be prosecuted by the assignees of parts of an entire indebtedness.

*b.* Though in equity the assignment of the whole of an entire debt or obligation is sustained and the assignor treated as a trustee and compelled to allow the use of his name, Eastman v. Wright, 6 Pick. 316; Chit. Con. 1359, yet to divide and subdivide the liability of a debtor by partial assignments creates a burden which the law does not impose upon him or compel him to bear. Such assignments are therefore invalid, without the assent of the debtor: Mandeville v. Welsh, 5 Wheat. 277; Gibson v. Cook, 20 Pick. 15 (32 Amer. D. 194); Palmer v. Merrill, 6 Cush. 282 (52 Amer. D. 782); Tupper v. Brownell, 12 Cush. 381; Knowlton v. Cooley, 102 Mass. 234; Blin v. Pierce, 20 Vt. 25; Tierman v. Jackson, 5 Pet. 597; Gibson v. Finley, 4 Md. Ch. 75; Wilson v. Carson, 12 Md. 54, 74; Robbins v. Bacon, 3 Greenl. 346; 2 Wh. & T. L. C. 1642. The principle is recognized in Jermyn v. Moffitt, 75 Pa. 400; Philadelphia City's Apps., 86 Pa. 182; Geist's App., 104 Pa. 351; Fairgrieves v. Lehigh Nav. Co., 2 Phila. 182.

*c.* That the assignment in the case at bar was of a part of a judgment does not affect the principle: Freem. Judgt. § 442; Ford v. Stuart, 19 Johns. 344; Love v. Fairfield, 13 Mo. 30 (53 Amer. D. 148). No case is found in Pennsylvania in which an assignee of part of a judgment has been permitted by separate process either to collect it or to continue its lien. Arrison v. The Commonwealth, 1 W. 374; Peterson v. Lothrop, 34 Pa. 229, are to be distinguished, for in both cases the parties issuing the writs were original parties secured by the terms of the bond on which the judgments had been entered, and were not claiming by assignment.

3. Under the implied contract arising on the assignment of any part of a judgment, the assignee may proceed for the collection of the whole: Armstrong v. Lancaster City, 5 W. 68; Commonwealth v. Lightner, 9 W. & S. 117; and if the debt be paid to the assignor, he would receive it for the use of the

assignee and would be compelled to pay over: Lloyd v. Mc-
Namara, 19 Pa. 130. If it be said that this might leave the
assignee at the mercy of the assignor, the answer is that it is a
situation he has voluntarily assumed.

OPINION, MR. JUSTICE WILLIAMS:

The court below properly refused to enter judgment for
want of a sufficient affidavit of defence in this case. The
plaintiff held by an assignment from Smith & Son the sum of
$374.19 of the amount of a judgment which Smith & Son had
obtained against Stockdale for $751. The balance of the
judgment was soon after assigned to another, so that no part
of it remained the property of Smith & Son. The judgment
was not payable by instalments, but was entered for an entire
sum then due and payable from Stockdale to Smith & Son.
In December of the same year Hopkins sued out a writ of
scire facias against the defendant, in which after reciting the
original judgment the defendant was called upon to show
cause why a judgment should not be rendered against him and .
in favor of Hopkins "to the extent of his interest for his debt
and damages." In other words, the assignee of part of an
entire sum secured by the judgment sought to obtain by means
of the writ of scire facias a separate judgment for his part of
the money due from the defendant, and an independent right
to process for its collection.

The court below held the proceeding regular, but put the
refusal to enter judgment upon that part of the affidavit which
alleged payment. For this holding the learned judge cited
Peterson v. Lothrop, 34 Pa. 223. In that case the judgments
had been entered upon bonds which recited and were given to
secure inter alia certain claims held by Brunot. When the
scire facias issued, which served as a model for the writ issued
in this case, there appears to have been nothing due upon the
judgments except the claims of Brunot which were recited in
the bond; and within a few days thereafter the plaintiff in the
judgments satisfied both of them "so far as they covered or
secured any claim of his against the defendant and no further."
The scire facias was issued in the name of the legal plaintiff
for the use of Brunot. The defence was that Brunot was not
a party to the record, and had no right to process of any sort

upon the judgment; that the bond was given to Lothrop, the judgment entered in his name upon it, and that he had entered satisfaction upon the record. The question thus raised was whether the judgment could be revived for the balance actually unpaid, at the instance of Brunot to whom it was due under the provisions of the bond on which the judgment was originally entered. The opinion of this court was delivered by Justice STRONG who said: "The court will look beyond the mere legal party, beyond the trustee to the cestui que trust; a fortiori will this be done when the legal plaintiff is a naked trustee, or when a judgment has been given as in this case to secure the payment of debts due to others than the legal judgment creditor." It will be seen that the question now raised was not involved in the case of Peterson v. Lothrop. In Dietrich's Appeal, 107 Pa. 174, the question was raised and decided. The writ in that case was sought to be made use of to subdivide one judgment into several, so that each part owner might have his separate judgment against the defendant. This effort failed, and in the opinion of the court delivered by Justice PAXSON, the case of Peterson v. Lothrop was spoken of thus: "That case does not decide nor do we decide now that when a judgment has been assigned to sixteen different persons each owner of a part of the judgment may have his separate scire facias to revive."

The rule undoubtedly is, that if one confesses a judgment for a sum of money, payable by instalments, a writ of fieri facias may issue upon each instalment as it becomes due, if necessary. The writ may issue to the use of the real owner of the instalment at the time it falls due. Such use of process imposes no hardship on the defendant not fairly within the contemplation of the parties, when the judgment was confessed, and the costs of collection are the same whether the writ issues at the instance of the original creditor or one to whom he has assigned the particular instalment. But if the judgment is for an entire sum payable at one time, part owners cannot issue separate writs of fieri facias for the collection of their separate interests. The judgment cannot be subdivided by the part owners either for the purposes of collection or revival. The scire facias issues upon the judgment and, as was distinctly ruled in Dietrich's Appeal, must follow the

judgment. After service or its equivalent the court may render judgment in favor of the plaintiff and against the defendant, that the lien be revived and continued and that the plaintiff have execution for the amount thereof. Such a judgment revives the lien for the benefit of all persons interested, although taken in the name of the legal plaintiff. Any person interested in the judgment may use the name of the legal plaintiff for this purpose, and his consent is not necessary. The effort of the use plaintiff in this case to split the judgment on the line of his own interest in the entire sum for which it was rendered, and get a separate judgment therefor, was properly set up as a defence and justified the ruling of the court below.

The remaining part of the affidavit alleged payment of the judgment. It appears, however, that the payment consisted in the possession by the defendant of claims against the plaintiff. One of these was for advertising in a newspaper; the other was for the non-delivery of an engine and boiler in accordance with an agreement between the parties. The affidavit does not allege that these items have been settled and the amount due upon them ascertained, nor that any agreement exists for their application on this judgment.

Such an account is not a payment on the judgment unless it has been made such by the agreement of the parties. It is not a set-off, for its amount has not been liquidated and it is not of the same nature or grade of security as the judgment. It certainly is not an original equity. We cannot understand, therefore, upon what principle this account can be regarded as a defence to a scire facias sur judgment. We think the true reason for refusing the judgment in this case was found in that part of the defendant's affidavit which denied the right of the plaintiff to make use of the scire facias for the purpose of dividing an entire judgment, and carving out of it a separate judgment for the sum due him under the assignment from Smith & Son.

Judgment affirmed.