## HAZELHURST LUMBER CO. v. MERCANTILE LUMBER & SUPPLY CO.

(Circuit Court, W. D. Missouri, W. D.  December 24, 1908.)

### No. 3,320.

CONTRACTS (§ 10*)—OBLIGATION—MUTUALITY.

> A contract by which defendant agreed to purchase and pay for all ties that complainant could produce and ship to defendant until a specified date at a certain rate per thousand, complainant agreeing to sell and deliver to defendant all ties that it could produce and ship up to that date, was unenforceable for want of mutuality of obligation, complainant being under no enforceable duty to deliver any ties.
>
> [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 32; Dec. Dig. § 10.*
>
> Mutuality in contract, see note to American Cotton Oil Co. v. Kirk, 15 C. C. A. 543.]

Memoranda of Decision on Demurrer to Petition.

Williams & Hunter, for plaintiff.
Pratt, Lea & Wood, for defendant.

POLLOCK, District Judge. This action was brought by plaintiff to recover damages alleged to have accrued to it by reason of the breach of an oral contract made by defendant to receive and pay for railroad cross-ties. The oral contract made between the parties is pleaded by the plaintiff in its declaration in the following language:

> "Complainant states that on or about October 2, 1907, defendant agreed with complainant to purchase, receive from, and pay complainant for all ties that complainant could produce and ship to defendant until January 1, 1908, at the rate of $11.75 (eleven dollars and seventy-five cents) per thousand. That complainant agreed with defendant to sell and deliver to defendant all ties it could produce and ship up to January 1, 1908."

To this declaration defendant has interposed a general demurrer. The contention presented by the demurrer and urged by counsel for defendant is that the agreement made between the parties, as pleaded by plaintiff, is nonenforceable in law for want of mutuality of obligation. No consideration is expressed in the contract as having been paid by the one party to the other as compensation to the other for entering into the agreement. Presumably, therefore, it was thought the undertaking of the one was a sufficient consideration to bind the other.

It is true, the making of a contract by one party is sufficient to bind the other if both are by its terms bound, otherwise not. The contract pleaded purports to bind defendant to receive and pay for all ties plaintiff could produce and ship to defendant from October 2, 1907, to January 1, 1908, at the rate of $11.75 per thousand. The number of ties agreed to be furnished by complainant is not stated. By the terms of this contract what obligation did plaintiff assume legally enforceable against it? How many ties could plaintiff have produced? How many ship to defendant? Suppose defendant had sought to enforce this contract against plaintiff, or to have maintained an action against it for damages for breaching the contract; could it not have answered defendant's demand by admitting the contract to have been made between the parties as stated, but to have further answered, "We could produce no ties within the time specified, or, having produced ties in any amount, we could procure no cars in which to ship them to defendant, or we could not procure men and teams to draw them to a point of shipment, therefore we were not blamable"? Manifestly, such answer would be a complete defense by plaintiff to any demand presented against it by defendant, whether to enforce delivery of ties or by way of damages for breach of agreement. This being true, the contract is manifestly void in law for want of mutuality. The able opinions on this subject by Circuit Judge Sanborn in Cold Blast Transportation Company v. Kansas City Bolt & Nut Company, 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696, and of Judge Philips in A. Santaella & Company v. Otto F. Lange Company et al., 155 Fed. 719, 84 C. C. A. 145, leave nothing further to be said on the question presented on the demurrer.

The demurrer must be sustained. It is so ordered.