# Walker et al. *v*. Mason, Appellant.

*Contract—Sale by periodical deliveries—By-product of plant— Incorporation of vendors—Assignment—Personal qualities of vendors—Mutuality—Assignability—Pleadings.*

1. Where two partners enter into a contract for the sale of an entire by-product of their plant for a year, and thereafter incorporate their business, the purchaser cannot rescind the contract, on the ground that it was for services of a personal nature and not assignable, if it appears that the production did not depend on the personal skill or ability of any one person, that the business was continued under the same general management, with the same employee and the identical plant equipment, and that no question of credit was involved.

2. As the subject-matter of the sale was the production for a whole year, and as this could be definitely ascertained, the contract did not lack mutuality.

3. Where, in such case, suit is brought on the contract in the name of one of the partners trading under the firm name to the use of the corporation, and this is subsequently amended by adding the name of the other partner to that of his copartner, the defendant cannot claim that recovery could be had only, under the plead-

ings, for the material produced by the partnership, excluding that produced by the corporation.

4. The rights of plaintiffs under the contract accrued or to accrue were assignable, and the liability of defendant thereunder could not be split up in different actions. A judgment thereon would protect defendant from another suit for the same cause of action.

*Fictitious name—Trading under — Partnership — Act of June 28, 1917, P. L. 645.*

5. Where two members of a partnership have traded for forty-six years under the name of "W. & H. Walker," and it appears that the same partnership name was used by the partner's uncle and father, who founded the business, and had identically the same names as the son and nephew, the use of the firm name by the latter is not a violation of the Act of June 28, 1917, P. L. 645, forbidding trading under a fictitious name.

6. The fact that one of the partners added the word "Junior" to his name is immaterial.

7. Where the name indicates the actual ownership of the business, a contract will be enforced.

8. Partnerships openly using the true names or surnames of their members in their firm name in such manner as to fairly advise of the parties owning or conducting the business and not to mislead, are not to be regarded as under false, assumed or fictitious names.

Argued October 17, 1921. Appeal, No. 80, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 1992, on verdict for plaintiffs, in case of William Walker and Hay Walker, Jr., partners, trading and doing business as W. & H. Walker, for the use of W. & H. Walker, Inc., v. Charles F. Mason, trading and doing business as the Mason Oil Company. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,135.25. Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting record.

*George H. Rankin,* for appellant.—The contract involved relations of personal confidence and was not assignable.

There was no mutuality of obligation and therefore no contract to assign.

Plaintiffs declare for goods produced by the legal plaintiffs, and it was error to permit recovery for goods produced by the use-plaintiff: Montgomery v. Cook, 6 Watts 238; McNulty v. O'Donnell, 27 Pa. Superior Ct. 93; Reis v. McDevitt, 219 Pa. 414.

Individuals conducting business under the name of W. & H. Walker, not registered as required by Act June 28, 1917, P. L. 645, are not entitled to recover on a contract for sale of merchandise made in violation of that statute: Swing v. Munson, 191 Pa. 582; Com. M. Fire Ins. Co. v. Sharpless, 12 Pa. Superior Ct. 333; Kernchen v. English, 70 Pa. Superior Ct. 293; Vandegrift v. Vandegrift, 226 Pa. 254; Feldgus v. Friedman, 269 Pa. 60.

*Frederick H. Atwood,* for appellees.—The contract was assignable by W. & H. Walker, a partnership, to W. & H. Walker, Inc.: Galey v. Mellon, 172 Pa. 443.

The contract does not lack mutuality.

Plaintiffs declared upon a contract entered into by the legal plaintiffs and assigned by them to the use-plaintiff; they did not declare for goods produced by the legal plaintiffs alone: Galey v. Mellon, 172 Pa. 443; Citizen Trust & S. Co. v. Howell, 19 Pa. Superior Ct. 255.

The name "W. & H. Walker," a partnership composed exclusively of William Walker and Hay Walker, is not assumed or fictitious within the meaning of the Act of 1917.

Even if the name "W. & H. Walker" comes within the prohibition contained in the Act of 1917, the appellee's

failure to register did not defeat their right of recovery: Harris v. Runnels, 53 U. S. 79; Moyer v. Kennedy, 76 Pa. Superior Ct. 523; O'Hare v. Bank, 77 Pa. 96.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

William and Hay Walker, brothers, as copartners for forty-six years, were engaged in the manufacture of soap in the City of Pittsburgh under the firm name of W. & H. Walker. On April 29, 1918, they entered into a contract with defendant, trading as the Mason Oil Company, whereby they agreed to sell and defendant agreed to purchase a by-product of their plant designated as "residue of still commercially known as 'candle pitch'" for a stated cash price per ton, the total quantity being designated as "W. & H. Walker production......from May 1, 1918, to May 1, 1919." On January 1, 1919, plaintiffs incorporated their business under the name of W. & H. Walker, Inc., and all the assets of the partnership were formally transferred to the corporation, the latter assuming all obligations of the former and continuing the business as before. Candle pitch to the extent of over 26 tons was produced during the year; defendant, however, refused to accept and pay for the product, whereupon this suit was brought in the name of the partnership to the use of the corporation to recover the contract price. All disputed questions of fact were decided by the jury in favor of plaintiffs and from judgment entered on the verdict defendant appealed.

The first contention of defendant is that the contract involved a relation of personal confidence and integrity between the parties and, consequently, was not assignable. We see nothing in the facts of the case, or in the relationship of the parties to the contract, to bring the questions involved within the rule making contracts for services of a personal nature unassignable. The subject-matter of the sale was a mere by-product resulting from the operation of plaintiffs' plant by numerous employees, its production not depending upon the skill or

ability of a particular person (Galey v. Mellon, 172 Pa. 443) and involving nothing of a personal nature. There is no element of distinctive value as in the case of manufactured goods of a particular brand. Neither is there any question of extension of credit involved, the sale being for cash f. o. b. plaintiffs' works.

A further reason exists why the contention of defendant cannot prevail. We find no change in the personnel of the plaintiff firm after its incorporation, in fact there was none. The business was owned and operated by the same persons with the same employees and the identical plant equipment, nor was there a material change in its management. The sole change was in the legal entity from a partnership to a corporation. It does not appear how this difference, practically in name only, so far as this case is concerned, could possibly have affected the performance of the contract.

The contention that the contract is unenforceable, owing to want of mutuality, is also untenable. This is not a case where the quantity to be delivered under a contract is not specified, leaving the parties free to take or deliver such amount as they might choose, as in Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co., 114 Fed. 77, and Hazelhurst Lumber Co. v. Mercantile L. & S. Co., 166 Fed. 191, relied on by defendant. The subject-matter of the sale was the "W. & H. Walker production" for one year, which could only mean the entire production. Although no specific quantity was stated, the amount to be delivered was capable of being definitely ascertained, and it was that amount, whether large or small, plaintiffs agreed to sell and defendant agreed to purchase. Plaintiffs were thus deprived of the right to sell elsewhere and defendant was bound to take the entire candle pitch product. These obligations were mutual and constituted a binding contract: Ramey Lumber Co. v. Lumber Co., 237 Fed. 39, 43.

The action was first brought in the name of Hay Walker, Jr., trading as W. & H. Walker, for the use of

W. & H. Walker, Inc., William Walker not being active in the business. It was averred "plaintiff," meaning the legal plaintiff, produced the pitch from May 1, 1918, to May 1, 1919. An amended statement was later filed adding the name of William Walker and changing the above averment to the plural, stating "plaintiffs produced" the pitch. Defendant contends recovery should have been confined, under the pleadings as first stated, to the pitch purchased from the legal plaintiffs, excluding that produced by the corporation after its organization, and that the claim of the legal plaintiffs and that of the use-plaintiff in a single action was an improper joinder. The claims were not distinct and separate, constituting two causes of action. Both arose under the same contract. The contract being assignable, the assignment might properly have been made before performance was begun or after performance, either in whole or in part: Galey v. Mellon, supra. In either case the rights of plaintiffs under the contract accrued or to accrue were assigned and the liability of defendant thereunder could not be split up in different actions: Hopkins v. Stockdale, 117 Pa. 365, 368. He was entitled to have the entire controversy settled in one action, whether by plaintiffs or their assignee. The assignee, as use-plaintiff, was, consequently, entitled to recover the full amount due under the contract, whether such amount accrued before or after the assignment. The judgment will protect defendant from another suit for the same cause of action: Montgomery v. Cook, 6 Watts 238; Guaranty T. & S. D. Co. v. Powell, 150 Pa. 16.

It is also claimed that the contract is unenforceable because, at the time entered into, plaintiffs had not registered their partnership under the Act of June 28, 1917, P. L. 645, making it unlawful for individuals to carry on business under an assumed or fictitious name, style or designation, without having filed a certificate showing the names of the parties interested in such business. A discussion is unnecesary of the question whether, in ad-

dition to the penalties prescribed by the above act, contracts entered into by a copartnership without having complied with its provisions are void and unenforceable, for the reason, in our opinion, plaintiffs were not doing business under a fictitious name.

"W. & H. Walker" was the name of the original firm established eighty years before the contract was entered into and conducted by the father and uncle of plaintiffs. It happened that plaintiffs bore the same names as the persons who originally organized the firm and, upon succeeding to the business, no occasion existed for changing the firm name. They continued to do business under that name for forty-six years. While it is true Hay Walker added the word Junior to his name this addition was merely a matter of convenience for identification. As both parties used their individual names there is nothing fictitious about the firm name under which plaintiffs did business. The identity of the members of the firm was fully disclosed and not in any manner concealed. Accordingly, the case is not within the mischief the Act of 1917 was intended to remedy. This distinction was recognized in Befarah v. Spell, 96 S. E. (N. C.) 949, where it was held that a statute of North Carolina, forbidding the transacting of business under an assumed name, unless a certificate giving names of owners should be duly filed, did not require a certificate to be filed by a firm doing business as "Aboud Bros." and another doing business as "The Raleigh Bargain House, Nossif & Befarah, Proprietors," the court saying: "In a case at the present term, Jennette Bros. Co. v. Elisha Coppersmith & Wife, 97 S. E. 54, the court held that, where the style and title of the business containing the surname of the proprietors was such as to afford a reasonable and sufficient guide to a correct knowledge of the individuals composing the firm, the case did not come within the statute; this not being in any sense an 'assumed name' within the meaning and purpose of the law......we are

of opinion that both of these firms,......come within the principle of that decision."

It may be observed also that the contract in this case does not purport to be made by a firm but provides that "W. & H. Walker, of Pittsburgh, Pa., agrees to sell," etc., and it was signed "W. & H. Walker, J. C. Baird." It has been held, in jurisdictions which have adopted the view that failure to comply with the act renders contracts unenforceable, in construing statutes similar to ours, that where the title indicates the actual ownership of the business the contract will be enforced. Thus in Michigan though the rule is consistently followed by the court of that state that contracts made by firms who have not complied with the act cannot be enforced (Cashin v. Pliter, 168 Mich. 386; Maurer v. Greening Nursery Co., 168 N. W. 448, and cases cited) those cases were differentiated by the United States Circuit Court of Appeals in Carland v. Heckler, 233 Fed. 504, where a contract signed "The Lakeside Dredging Co. by" the individual members but expressly stated it was "by and between [H. & B.] copartners doing business in the firm name of Lakeside Dredging Company" was held not to violate the act, the court saying (page 506): "The pivotal question thus is whether, in the absence of express statutory declaration to that effect, we should ascribe to the legislature an intention to forbid recovery by any copartnership under any contract it has made in compliance with law, where not only actual information of the names of the copartners is given, but where the contract is made by such copartners in their full and true names, merely because the partnership was at the time engaged in business under an assumed name, and had not given constructive notice to the public of the names of members of the firm. Cashin v. Pliter, does not answer this question......The purpose of the statute as stated by the Michigan Supreme Court is 'to protect the public against imposition and fraud, prohibiting persons from concealing their identity by doing busi-

ness under an assumed name, making it unlawful to use other than their real names in transacting business without a public record of who they are, available for use in courts, and to punish those who violate the prohibition.'......The instant case is not within the mischief which the statute is designed to prevent, for here there was no concealment, but, on the contrary, express disclosure of the identity of the copartners; and their real names were in fact used in the transaction involved." To the same effect and holding that partnerships openly using the true names or surnames of their members in their firm name in such manner as to fairly advise of the parties owning or conducting the business and not to mislead, are not to be regarded under false, assumed or fictitious names, see Zemon v. Trim, 181 Mich. 130, and cases there cited.

The judgment is affirmed.