## McLaughlin v. J. E. Baker & Co.

*Statement—Insufficiency of—Practice—Tort—Partnerships—Surnames—Fictitious Names Acts of June 28, 1917, and May 10, 1921.*

1. The Fictitious Names Act of May 10, 1921, P. L. 465, amending the Act of June 28, 1917, P. L. 645, does not apply in an action founded on tort for injuries to the plaintiff's property by reason of the alleged negligence of the defendant's servant.

2. Partnerships using the true names or surnames of their members to make up their firm name are not using fictitious names within the Fictitious Names Act.

3. Questions as to the insufficiency of a statement, such as failure to aver registry of a fictitious name, should be raised on a motion for a more specific statement.

Statutory demurrer. C. P. Lancaster Co., June T., 1924, No. 54.

*Charles W. Eaby,* for plaintiffs.

*Bernard J. Myers* and *John A. Coyle,* for defendant.

LANDIS, P. J., Sept. 20, 1924.—The plaintiffs' statement avers that on Aug. 31, 1923, they were the owners of a truck which, by their servant, agent or employee, they were driving in a lawful, careful and proper manner on a public road leading from Elizabethtown to Bainbridge, and that the defendant, a corporation, was, by its servant, agent or employee, also driving a truck on the same highway; that in a reckless, careless and negligent manner, while running at a high and unlawful speed, and while on the defendant's business and within the scope of his employment, the defendant's servant, agent or employee ran its truck into and crushed the truck of the plaintiffs; that, by reason of said injuries, the plaintiffs were obliged to expend the sum of $450, and the truck was worth $100 less after it was repaired.

The only question in the affidavit of defence raising a question of law is the one, we think, which suggests that the plaintiffs were doing business as a partnership, under a trade name, without averring that such name had been registered in accordance with the acts of assembly. If there are any insuffi-

McLaughlin *v.* J. E. Baker & Co.

ciencies in the statement, those questions should be raised on a motion for a more specific statement.

Section 1 of the Act of May 10, 1921, P. L. 465, which re-enacts and amends the Act of June 28, 1917, P. L. 645, provides "that no individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation unless the person or persons conducting or carrying on the same shall have first filed in the office of the Secretary of the Commonwealth and in the office of the prothonotary . . . a certificate, under oath, and signed by such person or persons, setting forth the real name or names and addresses of all the persons owning or interested in said business, and also the name, style or designation under which said business is being or will be carried on or conducted." Does this act of assembly apply to the present case?

It will, no doubt, be conceded that this action is not one founded either on a contract or on anything arising out of a contract. Nor does it arise in the line of the business which the plaintiffs were conducting. It is based upon a tort and is for injuries to the plaintiffs' property by reason of the alleged negligence of the defendant's servant.

In Engle *v.* Capital Fire Insurance Co. of Concord, New Hampshire, 75 Pa. Superior Ct. 390, it was said, speaking of the Act of 1917: "It was intended to protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. . . . It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted." In Lamb *v.* Condon, 276 Pa. 544, the above quoted words are cited with approval. Carrying out this idea to its logical conclusion, it follows, we think, that the act in its strictness does not apply.

But another reason also presents itself. In Walker *v.* Mason, 272 Pa. 315, it was held that "partnerships openly using the true names or surnames of their members in their firm name in such manner as to fairly advise of the parties owning or conducting the business, and not to mislead, are not to be regarded as under false, assumed or fictitious names." See, also, Zemon *v.* Trim, 147 N. W. Repr. 540. In Befarah *v.* Spell, 96 S. E. Repr. 949, it was held that, under a statute of North Carolina forbidding the transaction of business under an assumed name unless a certificate giving names of owners should be duly filed, a certificate was not required by a firm doing business as Aboud Brothers, or by another doing business as the Raleigh Bargain House, Nassif & Befarah, Proprietors. In Mangan *v.* Schuylkill County, 273 Pa. 310, it was said that the Act of 1917 was never intended to cover old-fashioned genuine firm names, and that Mangan & Pugh was not an assumed or fictitious name.

In the present case, we think these brothers had the right to use their full names or their surnames in carrying on their business, without being subjected to the penalty called for in the Act of 1917. We do not think that the certification of their partnership was necessary to enable them to sustain such an action.

It has been urged that all of the cases upon this subject do not seem to harmonize; but, be that as it may, we are convinced that the act was not intended to cover a case like this.

The affidavit of defence, therefore, raising the question of law is overruled, and the alleged question of law is decided in favor of the plaintiffs.

From George Ross Eshleman, Lancaster, Pa.