## Scattergood, Birdsell & Satterthwaite v. Musselman Concrete Pipe Company, Inc.

*Partnerships—Fictitious names—Acts of June 28, 1917, P. L. 645, May 10, 1921, P. L. 465, and June 29, 1923, P. L. 979.*

Partnerships using the true names or surnames of their members as their firm style are not using fictitious names within the Fictitious Names Act of June 28, 1917, P. L. 645, although it does not appear that all the partners are named.

Affidavit of defence raising question of law. C. P. Lancaster Co., Aug. T., 1924, No. 79.

*L. R. Geisenberger*, for plaintiff; *Charles G. Baker*, for defendant.

LANDIS, P. J., March 21, 1925.—The plaintiffs are public accountants, located in the City of Philadelphia, and the defendant is a company located at New Holland, in this county. The statement alleges that the plaintiffs were engaged

Scattergood, Birdsell & Satterthwaite v. Musselman Concrete Pipe Company, Inc.

by the defendant, by verbal contract, to prepare the Federal tax returns of the said company at the price of $25 per day for the senior accountant and $15 per day for the junior accountant, and necessary expenses; that the senior accountant was engaged for two and three-quarter days, which made $68.75, and the junior accountant for one day, which made $15, and that the expenses for typewriting, checking and revision were $33, thus making a total sum due of $116.75.

The affidavit of defence does not deny the contract or that the work was done in pursuance of it, but asserts that the name of the plaintiff on its face indicates that it is a partnership, but it does not disclose the names of the partners, and that they, therefore, carried on business under an assumed and fictitious name, style and designation as Scattergood, Birdsell & Satterthwaite; and that, as they have not set forth that it has been registered, it cannot recover.

This question has already been decided in McLaughlin v. J. E. Baker & Co., 39 Lanc. Law Rev. 207, and in Kreider v. Paige Motor Car Co., 39 Lanc. Law Rev. 317.

In the former case we said: "But another reason also presents itself. In Walker v. Mason, 272 Pa. 315, it was held that 'partnerships openly using the true names or surnames of their members in their firm name in such manner as to fairly advise of the parties owning or conducting the business, and not to mislead, are not to be regarded as under false, assumed or fictitious names.' See, also, Zemon v. Trim, 147 N. W. Repr. 540. In Befarah v. Spell, 96 S. E. Repr. 949, it was held that, under a statute of North Carolina forbidding the transaction of business under an assumed name, unless a certificate giving names of owners should be duly filed, a certificate was not required by a firm doing business as Aboud Brothers, or by another doing business as the Raleigh Bargain House, Nassif & Befarah, Proprietors. In Mangan v. Schuylkill County, 273 Pa. 310, it was said that the Act of 1917 was never intended to cover old-fashioned genuine firm names, and that Mangan & Pugh was not an assumed or fictitious name."

In Lamb v. Condon, 276 Pa. 544, Mr. Justice Sadler said: "The Act of June 28, 1917, P. L. 645, provided that no individual should carry on or conduct any business in the Commonwealth under an assumed or fictitious name unless complying with the directions of that legislation. The purpose of this statute was to protect those who might deal with such parties. This thought is well expressed by Judge Henderson in Engle v. Insurance Co., 75 Pa. Superior Ct. 390, when he says: 'The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name, and to definitely establish the identity of the individuals owning the business, for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations.' " The learned judge discussing the effect of the Act of May 10, 1921, P. L. 465 (and the same may be said of the Act of June 29, 1923, P. L. 979), added: "It is also to be observed, as indicative of legislative intent, that no prohibition against the bringing of suits by residents of the State who were in default was made, but that the inhibition was directed solely to those living beyond the confines of the Commonwealth."

In this case it is not asserted that the names used by the plaintiffs were not the genuine names of the partners. Nor is it claimed that they did not perform faithfully the work which they were employed to do. There is, therefore, no merit on the facts in the defence set up by the defendant, and, in our judgment, it is equally destitute of a defence under the law.

Scattergood, Birdsell & Satterthwaite v. Musselman Concrete Pipe Company, Inc.

And now the question of law raised in the affidavit of defence is decided in favor of the plaintiff, and the defendant is allowed fifteen days within which he may file a supplemental affidavit of defence to the facts alleged in the statement.

From George Ross Eshleman, Lancaster, Pa.