## Keister et al. v. Greene et al.

*Fred. C. Morgan,* for petitioners.
*Wickersham & Wickersham,* contra.

WICKERSHAM, J., June 24, 1935.—This case comes before the court on petition for a declaratory judgment and for a rule on George M. Greene and Bertha M. Greene, his wife, to show cause why all proceedings entered in this court to no. 214, January term, 1935, should not be stayed pending the disposition on this petition, upon the presentation of which a rule was granted upon the defendants as therein prayed.

The defendants, George M. Greene and Bertha M. Greene, by their counsel, filed a demurrer to the rule so granted.

The facts in the case are not in dispute and are, inter alia, as follows: On February 4, 1930, Peter Magaro, a resident of Harrisburg, executed a certain bond or obligation, under seal, in the penal sum of $160,000, in favor of

the Commonwealth Trust Company of this city, conditioned that he repay to the said trust company the sum of $80,000 in 3 years from the date thereof with interest thereon at the rate of 6 percent per annum, payable semiannually. Said bond contained, inter alia, a warrant of attorney to confess judgment thereon in case of default in payment of principal and interest. It further appeared in said obligation "that the obligor shall and will make the following payments on account of the principal amount, to wit: Five Thousand Dollars ($5000.00) three (3) months from the date hereof; Five Thousand Dollars ($5000.00) one (1) year from the date hereof; Five Thousand Dollars ($5000.00) two (2) years from the date hereof; and the balance of Sixty-five Thousand Dollars ($65,000.00) three (3) years from the date hereof."

The payment of said bond was secured by a certain indenture of mortgage of even date therewith executed by the said Peter Magaro in favor of the Commonwealth Trust Company aforesaid, and entered of record in the office of the Recorder of Deeds in and for Dauphin County in Mortgage Book Y, vol. 18, page 358, which mortgage became a first lien upon premises 2421 North Front Street, Harrisburg, and a second lien on other properties mentioned therein.

The said Peter Magaro, mortgagor aforesaid, defaulted in the payment of interest on said debt on February 4, 1932, and has been in default of all payments due on account of the principal and interest on said mortgage since that time. He has also failed to pay various taxes assessed and due on the properties bound by said mortgage since 1932. By reason of a sheriff's sale on certain properties of Peter Magaro on which this mortgage was a second lien, the lien of the aforesaid mortgage is discharged as to the same and is now only a lien on property 2421 North Front Street in said City of Harrisburg.

Subsequent to the execution and delivery of said bond and mortgage, the Commonwealth Trust Company sold to various persons and organizations (24 in number) certifi-

cates of participation in varying amounts in the said bond and mortgage. A complete list of these participants is attached to and made a part of the petition of plaintiffs. On July 14, 1930, the said trust company sold a participation in said mortgage and bond to the defendants, George M. Greene and Bertha M. Greene, his wife, of Oberlin, Dauphin County, Pennsylvania, in consideration of a payment to it of $4,000, and delivered to these purchasers a duly acknowledged certificate of participation in like amount, a copy of which is attached to the petition. The said certificate is in all respects identical with those delivered to other purchasers of certificates of participation in the same bond and mortgage except as to the names and amounts. Said certificates contain, inter alia, the following:

"Know all men by these presents, That Commonwealth Trust Company, a corporation of Pennsylvania, with its office in the City of Harrisburg (hereinafter called Company), for value received, has granted, bargained, sold, assigned, transferred and set over, and, by these presents, does grant, bargain, sell, assign, transfer and set over unto George M. Greene and Bertha M. Greene, his wife, to hold as tenants by the entireties, of Oberlin, Pennsylvania (hereinafter called Assignee), Four Thousand Dollars, Exactly ($4,000) of the above stated mortgage, together with a proportionate interest in and to all the rights, remedies, incidents and appurtenances thereunto belonging or in any wise appertaining, and in and to all the right, title, interest, estate, property, claim and demand whatsoever, of, in and to the same, and the premises therein described. . . .

"For the purpose of facilitating the collection of the said debt and interest, according to the terms thereof, the Company retains possession of said Mortgage and Bond and of the papers relating thereto, and hereby acknowledges such possession, agreeing, however, to note this assignment upon the record of said mortgage and bond on its books; but this assignment is not to be en-

tered in the recorder's office, aforesaid, except in case of default in payment of principal or interest by the Company, according to the terms hereof, and then only after written notice to said Company."

On February 5, 1935, the said George M. Greene and Bertha M. Greene caused the said certificate of participation to be recorded in the recorder's office aforesaid, in miscellaneous book V, vol. 4, page 211; and on February 7, 1935, they caused to be issued a writ of sci. fa. sur mortgage, entered in the office of the prothonotary of this court to no. 214, January term, 1935. Under the relevant laws and the rules of this court the proceedings might have ripened into a judgment.

At a meeting of 22 of the 24 participants in said bond and mortgage it was decided that a sale of the property at this time would be detrimental to the interests of all the participants many of whom are financially unable to protect their investment, and a committee was appointed, consisting of the plaintiffs in this case, with full power to act in accordance with the desires of those assembled.

It is prayed, therefore, that the court issue a declaratory decree declaring the rights, status and other relations of the participants in said bond and mortgage, with particular direction as to (a) the right of George M. Greene and Bertha M. Greene, his wife, to issue a sci. fa. sur mortgage for the collection of their debt, (b) the quality of the title to the real estate bound by this mortgage after sale by the sheriff on the judgment taken after issuance of the sci. fa. at the instance of George M. Greene and Bertha M. Greene, (c) the obligation of George M. Greene and Bertha M. Greene to hold the property in trust for the other participants in this bond and mortgage provided they purchase the aforesaid property at sheriff's sale.

The defendants Muresana Roumanian Beneficial and Cultural Society, Patriotic Order of America, Camp No. 192, and Peter Magaro, have not filed an appearance or taken any part in the proceedings, as defendants.

As we have heretofore stated, the defendants, George M. Greene and Bertha M. Greene, his wife, filed a demurrer to the rule granted, alleging as causes for the demurrer:

"1. Plaintiffs were not entitled to a rule to show cause why all proceedings in the cause should not be stayed.

"2. Plaintiffs are not entitled to a declaratory judgment in said proceeding under the act of assembly relating to declaratory judgments and the decisions of the courts thereon."

We will consider these two objections together.

In support of these contentions counsel for defendants Greene relies upon Kariher's Petition (No. 1), 284 Pa. 455, 460, 462; Lyman v. Lyman et al., 293 Pa. 490, 495; Reese et al. v. Adamson et al., 297 Pa. 13, 15; Pittsburgh's Consolidated City Charter, 297 Pa. 502, 506; Sterrett's Estate, 300 Pa. 116, 123; Cryan's Estate, 301 Pa. 386.

The Act of April 25, 1935, P. L. 72, reads, inter alia, as follows:

"An Act to amend section six of the act, approved the eighteenth day of June, one thousand nine hundred and twenty-three (Pamphlet Laws, eight hundred forty), entitled 'An act concerning declaratory judgments and decrees, and to make uniform the law relating thereto,' further defining the circumstances under which the remedy provided is available.

". . . Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but the case is not ripe for relief by way of such common law remedy, or

extraordinary legal remedy, or where the party asserting the claim, relation, status, right, or privilege and who might bring action thereon, refrains from pursuing any of the last mentioned remedies."

We are of the opinion that whatever the right of the petitioners was, it is now clear that they are entitled to a declaratory judgment as prayed for. The first and second causes of demurrer are therefore overruled.

We are not impressed with the third and fourth causes of demurrer, the third of which alleges: "Plaintiffs show no rights as a bondholders' protective committee"; and the fourth of which alleges: "Plaintiffs have not brought in, in this proceeding, all parties interested in the mortgage in suit." It appears from the petition that these parties represent all of the bondholders except the defendants and the Muresana Roumanian Beneficial and Cultural Society, Patriotic Order of America, Camp No. 192, and Peter Magaro. The said last two mentioned defendants have not taken any action in the matter and have not entered their appearance one way or the other. We are of opinion, therefore, all the parties in interest are before the court represented as they are by the committee acting as petitioners in these proceedings. Under these circumstances the third and fourth causes of demurrer cannot be sustained.

The fifth cause of demurrer alleges: "Plaintiffs admit default in the payment of interest due on the mortgage in suit from February 4, 1932." This is admitted but for other reasons hereinafter expressed it cannot defeat the remedy for which the petitioners contend and claim.

The sixth cause of demurrer alleges:

"The exhibit attached to and forming a part of plaintiffs' petition is an assignment from the Commonwealth Trust Company of a proportionate interest in the mortgage in suit for a definite and certain amount, to wit, $4,000, and the assignment showing on its face that a like amount of the bond accompanying said mortgage, has been assigned to the defendants, and otherwise show-

ing authority in the defendants to proceed to the collection of the amount assigned."

The seventh contends that plaintiffs show no right either to a stay of the proceedings instituted, or to a declaratory judgment thereon to determine in said proceedings that for which the petitioners contend. We will consider these two causes of demurrer together.

In support of these two contentions counsel for the defendants cite many cases. After an examination of these authorities we are of opinion that they do not support the contention of the defendants. If the only question in this proceeding was the validity of the sci. fa. sur mortgage issued at the instance of the Greenes it is conceded that there would be available the more traditional remedy of moving to quash the writ.

We think this case is ruled by Hopkins v. Stockdale, 117 Pa. 365, in which case a judgment was entered in favor of Wm. Smith & Son against John M. Stockdale, for $751, with interest from February 28, 1885. On March 29, 1886, Wm. Smith & Son assigned $374.19 of said judgment to James H. Hopkins, and on November 30, 1886, they assigned the remaining part of the judgment to William E. Clarke. On December 18, 1886, Mr. Hopkins caused to issue the sci. fa. in this proceeding. The writ recited the original entry of the judgment, its parties, date of entry and amount, the assignment to James H. Hopkins of the said $374.19, averred that execution remained to be done, and required the defendant "to show if anything for himself he has or knows to say why the said plaintiff, the said James H. Hopkins, to the extent of his interest for his debt and damages aforesaid, should not have the above-stated judgment revived to continue the lien, and also why the said defendant should not have execution against him for the debt and damages aforesaid according". The defendant filed an affidavit of defense alleging that the affiant was advised and believed that his original indebtedness to Wm. Smith & Son could

not be divided into parts and assigned without his assent, and that the writ of sci. fa. issued by the said James H. Hopkins for the collection of $374.19 of said judgment (the balance thereof remaining unpaid) was irregular and void, and that no judgment of revival could legally be entered thereon. After the argument of a motion for judgment for want of a sufficient affidavit of defense the court filed an exhaustive opinion, and refused to enter judgment in favor of Wm. Smith & Son for the use of James H. Hopkins, to the extent of the original judgment, as evidenced by his affidavit of claim. Writing the opinion of the Supreme Court, Mr. Justice Williams, after stating the facts, held:

"The writ in that case was sought to be made use of to subdivide one judgment into several, so that each part owner might have his separate judgment against the defendant. This effort failed, and in the opinion of the court delivered by Justice PAXSON, the case of Peterson v. Lothrop was spoken of thus: 'That case does not decide nor do we decide now that when a judgment has been assigned to sixteen different persons each owner of a part of the judgment may have his separate scire facias to revive.'

"The rule undoubtedly is, that if one confesses a judgment for a sum of money, payable by instalments, a writ of fieri facias may issue upon each instalment as it becomes due, if necessary. The writ may issue to the use of the real owner of the instalment at the time it falls due. Such use of process imposes no hardship on the defendant not fairly within the contemplation of the parties when the judgment was confessed, and the costs of collection are the same whether the writ issues at the instance of the original creditor or one to whom he has assigned the particular instalment. But if the judgment is for an entire sum payable at one time, part owners cannot issue separate writs of fieri facias for the collection

of their separate interests. The judgment cannot be subdivided by the part owners either for the purposes of collection or revival. The scire facias issues upon the judgment and, as was distinctly ruled in Dietrich's Appeal, must follow the judgment. After service or its equivalent the court may render judgment in favor of the plaintiff and against the defendant, that the lien be revived and continued and that the plaintiff have execution for the amount thereof. Such a judgment revives the lien for the benefit of all persons interested, although taken in the name of the legal plaintiff. Any person interested in the judgment may use the name of the legal plaintiff for this purpose, and his consent is not necessary. The effort of the use plaintiff in this case to split the judgment on the line of his own interest in the entire sum for which it was rendered, and get a separate judgment therefor, was properly set up as a defense and justified the ruling of the court below."

This case was followed by the Supreme Court in the more recent case of Walker et al. v. Mason, 272 Pa. 315, 320, where the controversy was with respect to damages arising from a breach of contract made with a partnership by a corporation. The defense was that no liability existed or if it did exist damages could only be collected which accrued between the time the contract was to take effect and the termination of the partnership. The verdict was for the plaintiff, judgment entered thereon, and this was affirmed by the Supreme Court. Writing the opinion of said court, it was said by Mr. Justice—now Chief Justice—Frazer:

"The claims were not distinct and separate, constituting two causes of action. Both arose under the same contract. The contract being assignable, the assignment might properly have been made before performance was begun or after performance, either in whole or in part. . . . In either case the rights of plaintiffs under the contract accrued or to accrue were assigned and the liability of defendant thereunder could not be split up in different

actions: Hopkins v. Stockdale, 117 Pa. 365, 368. He was entitled to have the entire controversy settled in one action, whether by plaintiffs or their assignee. The assignee, as use-plaintiff, was, consequently, entitled to recover the full amount due under the contract, whether such amount accrued before or after the assignment. The judgment will protect defendant from another suit for the same cause of action" (citing cases).

Under these decisions we think it would be unlawful to allow the holder of part of the debt in this case to proceed to collect the same by virtue of his rights under the certificate of participation which he holds. We have in this case an investment on the part of various participants and the Commonwealth Trust Company of $80,000. The Commonwealth Trust Company still owns $26,500 of that debt; the rest, however, is held in comparatively smaller portions by individuals and organizations, many of whom are absolutely unable by reason of financial circumstances to protect their respective investments. There is no security for their investment except the property 2421 North Front Street, which, conservatively speaking, might be worth about one fourth of the total investment if it were sold under present conditions. To allow the plaintiffs in the sci. fa. to proceed to judgment and execution sale would be to deprive those participants who have no resources not only of their right to protect their investment but also of the only security they have for their investment.

This rule announced by our own Supreme Court seems to be followed very generally in other States. In 42 C. J. 41, sec. 1552, the law is thus stated:

"The owner of the legal title to the mortgage should be a party, particularly where he is given active powers and authority over the subjects of the mortgage relation; the real owner of a mortgage should also be a party. While as a general rule no decree of foreclosure can be made unless all the parties entitled to the mortgage money are before the court, and persons claiming an interest therein

are proper parties, where the bill to foreclose is brought by one having the legal title, it must clearly appear that others ought to be made parties as against an objection for want of parties; and the fact that other persons equitably interested in the proceeds are not parties has been held not a fatal defect."

In section 1553 the law is stated thus:

"Ordinarily one of two or more joint mortgagees cannot maintain an action for foreclosure without joining the others; and the same rule applies where the mortgage was given to secure different notes, which are in different hands at the time a foreclosure suit is begun; all the holders must be parties".

We have read the cases cited from other States in support of this statement of the law and find that the text is amply supported by the authority to which reference is made.

We are of opinion, therefore, that the defendants, in equity and good conscience, should not be allowed to proceed with their sci. fa. to judgment and execution, as they have not brought into the action all the interested parties either as plaintiffs or defendants.

## Decree

And now, June 24, 1935, it is ordered, adjudged and decreed as follows:

1. The defendants, George M. Greene and Bertha M. Greene, his wife, have no legal or equitable right, under the law and the facts in this case, to issue the writ of sci. fa. sur mortgage for the collection of their debt, nor can they be permitted to proceed to judgment and execution on the sci. fa. which they have issued.

2. The rule granted by this court on March 11, 1935, directing the defendants to show cause why all proceedings entered to no. 214, January term, 1935, should not be stayed pending the disposition of these proceedings, is made absolute.

3. The defendants are prohibited from proceeding further with their action of sci. fa. sur mortgage.

4. The costs of these proceedings are to be paid by the defendants.